## Alexandria
## RONALD BERNARD GRIFFIN
### v.
## COMMONWEALTH OF VIRGINIA
No. 0648-93-4
Decided February 14, 1995

COUNSEL

Alexander N. Levay (Office of the Public Defender, on brief), for appellant.

James H. McLees, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—The appellant was convicted by a jury of two counts of unlawful wounding. On appeal, he contends that the trial court denied him an impartial jury by refusing to strike for cause three prospective jurors. We hold that the trial court erred by refusing to strike for cause prospective juror Horvath. Because we reverse on that ground, we do not consider the contentions regarding the other two jurors.

An accused is guaranteed the right to a trial by "an impartial jury." U.S. Const. amends. VI and XIV; Va. Const. art. I § 8. *See also* Code §§ 8.01-347, -348; Rule 3A:14(b); *Breeden v. Commonwealth*, 217 Va. 297, 297, 227 S.E.2d 734, 735 (1976). Trial courts, as the guardians of this fundamental right, have the duty to procure an impartial jury. *Salina v. Commonwealth*, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976). A prospective juror who is biased, prejudiced, or who "persists in a misapprehension of law that will render him incapable of abiding the court's instructions and applying the law, must be excluded for cause" because such a juror cannot be impartial. *Sizemore v. Commonwealth*, 11 Va. App. 208, 211, 397 S.E.2d 408, 410 (1990); *see also Justus v. Commonwealth*, 220 Va. 971, 976, 266 S.E.2d 87, 90 (1980). A trial court that forces a defendant to use one of his peremptory strikes to exclude a prospective juror who is biased, prejudiced, or suffers from a misapprehension of the law commits prejudicial error. *Breeden*, 217 Va. at 300, 227 S.E.2d at 737.

Trial courts primarily determine whether a venireperson is free from partiality and prejudice through meaningful *voir dire*. *See* Code § 8.01-358. During *voir dire*, the trial judge must probe the conscience and mental attitude of the prospective jurors to ensure impartiality. *Bausell v. Commonwealth*, 165 Va. 669, 682-83, 181 S.E. 453, 458 (1935); *Rust v. Reid*, 124 Va. 1, 17, 97 S.E. 324, 328 (1918). It is not uncommon to discover during *voir dire* that prospective jurors have preconceived notions, opinions, or misconceptions about the criminal justice system, criminal trials and procedure, or about the particular case. Even though a prospective juror may hold preconceived views, opinions, or misconceptions, the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial. *See Coppola v. Commonwealth*, 220 Va. 243, 248, 257 S.E.2d 797, 801 (1979),

*cert. denied*, 444 U.S. 1103 (1980). Trial courts should not, however, accept a venireperson's bare declaration of impartiality without providing the means to assure that the expression reflects the person's true state of mind.

■ On appeal, a trial judge's decision to seat a juror is entitled to great deference, and the decision will not be overturned unless the error is manifest. *McGill v. Commonwealth*, 10 Va. App. 237, 241, 391 S.E.2d 597, 600 (1990). During *voir dire* of prospective juror Horvath, the following exchange took place:

MR. LEVAY: Has that [police work] experience led you to make any presumptions of wrongdoing with defendants?

MR. HORVATH: Well, I believe everyone is entitled to a trial, and whatever comes out of that trial is whatever comes out. If he's proven to be innocent, then he's proven to be innocent.

Because I know the defense has the — the burden of proof is upon the defense to prove their case. And I know that from my work as an insurance adjuster, you have to show that there is something there.

MR. LEVAY: So Mr. Griffin would have to prove his innocence to a certain extent for you to acquit him?

MR. HORVATH: I would think — I would think so.

After prospective juror Horvath had expressed his view that the defendant would be required to prove his innocence, the trial judge intervened:

THE COURT: Let me explain to you what the law is in the case. Then I'll ask you if you can abide by what the law is. The Defendant is presumed to be innocent.

MR. HORVATH: Right.

THE COURT: That presumption of innocence remains with him throughout the trial. And that presumption is enough for you to find the Defendant not guilty unless and until the Commonwealth proves each and every element of the offense beyond a reasonable doubt.

Now, the Defendant may stand moot and produce no evidence in the case.

In any event, there is no burden on the Defendant to produce any evidence.

Can you abide by that instruction?

MR. HORVATH: I think I could.

THE COURT: I need a commitment from you; because there is no thinking about whether you're going to abide by the law of the case.

MR. HORVATH: I would.

THE COURT: All right.

MR. LEVAY: Your pre-disposition, though, is that the defendants have done something wrong and they need to prove their case?

MR. HORVATH: I believe I misspoke. I meant the prosecuting — prosecutors have to prove that there was some wrongdoing.

MR. LEVAY: And what did you mean by the defendant would have to prove his innocence earlier?

MR. HORVATH: What I meant was the prosecuting — not the defense.

MR. LEVAY: That the prosecutor would have to prove the Defendant innocent?

MR. HORVATH: Right. I believe that people are proven — have to be proven guilty, not that they are guilty when they are charged. *I think that's the answer to your question.* (emphasis added).

MR. LEVAY: Okay. Thank you. That's all.

THE COURT: Thank you very much.

(Thereupon, Mr. Horvath resumed his seat in the jury box.)

MR. LEVAY: Your Honor, I don't believe he was rehabilitated. I believe his answers speak volumes, and I'd move to strike him for cause.

THE COURT: Your motion is denied. I'll note your exception.

Prospective juror Horvath initially made several unequivocal statements, not in response to suggestive or leading questions from counsel, but based upon his familiarity with the criminal justice system through police training and from experience as an insurance adjuster, stating that he knew "the burden of proof" is upon the defense to prove their case . . . [i]f he's proven to be innocent, then he's proven to be innocent." Horvath's explanation and repeated expression that the accused had the burden to prove his innocence belies his later claim that he simply "misspoke." His statement exposed a preconceived misconception about a basic and fundamental concept of criminal law that is critical for a juror to apply in every criminal case and is essential to be able to apply in order to serve fairly as a juror. If Horvath were to apply the law as his initial responses would indicate, he not only would relieve the Commonwealth of its heavy burden of proving guilt beyond a reasonable doubt, but he would entirely shift the burden of proof and improperly impose upon the accused the burden to prove his innocence, thereby also depriving the accused of his presumption of innocence and seriously impinging upon his right to remain silent.

After Horvath's initial response, the trial judge quite properly attempted to rehabilitate Horvath by explaining the basic legal principles that he would be required to apply. The trial judge did

not, however, ask questions that would enable Horvath to explain independently or in his own words that his misconceptions would not interfere with his ability to apply the law to the case as given to him by the judge. Instead, after explaining to Horvath the applicable law and his duty to apply the law, the judge asked the very leading question, "Can you abide by that instruction?" to which Horvath replied, "I think I could." Whether Horvath's response, "I think I could," was equivocal or certain depends on his intonation and the emphasis that he placed on the word, "think."

Generally, we would be required to give deference to the trial judge, who had the opportunity to hear and observe Horvath, in deciding the significance and meaning of his response. *See Weeks v. Commonwealth*, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994). However, the record makes clear that the judge considered Horvath's emphasis on "think" an equivocal response because the judge proceeded, "I need a commitment from you; because there is no thinking about whether you're going to abide by the law of the case."

"Using or permitting the use of leading questions, those which suggest a desired answer, in the *voir dire* of a prospective juror may taint the reliability of the juror's responses. Merely giving 'expected answers to leading questions' does not rehabilitate a prospective juror." *McGill*, 10 Va. App. at 242, 391 S.E.2d at 600 (citations omitted). "A [prospective] juror's subsequent statement that he can give the defendant a fair and impartial trial . . . is not dispositive when preceded by positive, unequivocal testimony of bias." *Gosling v. Commonwealth*, 7 Va. App. 642, 646, 376 S.E.2d 541, 544 (1984). Mere assent to a trial judge's questions or statements, or to counsel's leading inquiry, is not enough to rehabilitate a prospective juror who has initially demonstrated a prejudice or partial predisposition. *Foley v. Commonwealth*, 8 Va. App. 149, 159-60, 379 S.E.2d 915, 921, *aff'd en banc*, 9 Va. App. 175, 384 S.E.2d 813 (1989).

Horvath did not provide a statement, independent of the trial judge's leading and suggestive response, from which the judge could determine Horvath's state of mind and whether Horvath knew and could apply the correct legal principles and disregard his misconceptions "uninfluenced by persuasion or coercion by any one, least of all by the trial judge." *Bausell*, 165 Va. at 683, 181 S.E. at 458. Horvath's subsequent response to counsel that he

"misspoke" and that he understood that the Commonwealth had the burden to prove the accused guilty did not rehabilitate him. He continued to say that the Commonwealth would have to prove the accused "innocent," reaffirming his misconception that he presumes the accused to be guilty until his innocence is proven. Furthermore, by saying, "I think that's the answer to your question," Horvath was simply repeating the answer that he felt the judge and counsel wanted, rather than explaining how he would apply the law.

■ Sufficient doubt exists whether Horvath could lay aside his firm misconception as to the law and as to his ability to follow the court's instructions to the jury. "By ancient rule, any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused." *Breeden*, 217 Va. at 298, 227 S.E.2d at 735. Venireperson Horvath should have been removed for cause because he was not shown to have been free from exception. The trial court, by forcing the appellant to use one of his peremptory strikes to remove Horvath, committed prejudicial error.

We reverse the judgment of conviction and remand the case for retrial.

*Reversed and remanded.*

Barrow, J., concurred.

Willis, J., dissenting.

I agree with the majority's exposition of the principles governing jury selection. However, I disagree with its application of those principles to the facts of this case.

> Jurors are not required to be totally ignorant of the facts and issues involved in a case on which they sit. Nor are we concerned with a possible misapprehension of law. Jurors are not expected to be learned in legal maxims. We are concerned with [their] state of mind.

*Breeden v. Commonwealth*, 217 Va. 297, 300, 227 S.E.2d 734, 736 (1976) (citations omitted).

> Upon appellate review, we must give deference to the trial court's decision whether to exclude or retain a prospective

juror because the trial court "sees and hears the juror;" accordingly, the trial court's decision will be disturbed only upon a showing of manifest error.

*Weeks v. Commonwealth*, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994).

Horvath, undergoing interrogation in the open courtroom, was plainly confused as to legal issues and terminology. As he put it, he "misspoke." After explaining the presumption of innocence and the burden of proof, the trial court asked Horvath whether he could judge the case according to those principles. Horvath replied, "I think I could." In *Weeks*, the Supreme Court held such an undertaking to be sufficient. 248 Va. at 475, 450 S.E.2d at 389. However, the trial court did not stop at that. It pressed Horvath for a specific commitment as to whether he would "abide by the law of the case." Horvath replied, "I would." Nothing could be more unequivocal.

The trial court heard more than Horvath's literal answers, as reported in the written record. It also heard his inflection and observed his demeanor, factors unavailable for our consideration. It found Horvath to be impartial and competent to serve. I perceive no manifest error in that determination.