COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


FRANK E. PENNINGTON, JR.
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1346-95-3      JUDGE RICHARD S. BRAY
                                       FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                 Kenneth E. Trabue, Judge Designate

        John E. Lichtenstein (Charles M. Smith, Jr.;
        Lichtenstein & Fishwick, P.L.C., on briefs),
        for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General;
        Margaret Ann B. Walker, Assistant Attorney
        General, on brief), for appellee.


        Frank E. Pennington, Jr., (defendant) was convicted by a

jury for first degree murder and related use of a firearm.  On

appeal, he complains that the trial court erroneously refused

(1) to strike for cause a prospective juror with demonstrable

bias, and (2) to suppress defendant's statement to police.  For

the reasons that follow, we reverse the convictions and remand

for a new trial.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>IMPARTIALITY OF JUROR STUART</u>

An accused is constitutionally guaranteed the right to trial by "an impartial jury."  U.S. Const. amends. VI, XIV; Va. Const. art. I § 8; <u>see</u> Code § 8.01-358; Rule 3A:14.  "Trial courts, as the guardians of this fundamental right, have the duty to procure an impartial jury," a responsibility primarily discharged "through meaningful <u>voir</u> <u>dire</u>."  <u>Griffin v. Commonwealth</u>, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995).

"[T]he test of impartiality is whether the venireperson can lay aside . . . preconceived views and render a verdict based solely on the law and evidence presented at trial."  <u>Id.</u> Persistence in a "view . . . inconsistent with an ability to give an accused a fair and impartial trial, or . . . a misapprehension of law," determined in the "context of the entire <u>voir</u> <u>dire</u>," mandates exclusion of a prospective juror.  <u>Sizemore v. Commonwealth</u>, 11 Va. App. 208, 211-12, 397 S.E.2d 408, 410-11 (1990).  Reasonable doubt that a juror possesses the ability to render a fair and impartial service must be resolved in favor of the accused.  <u>See</u> <u>Breeden v. Commonwealth</u>, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

"The partiality or impartiality of an individual juror is a factual issue best determined by the trial court."  <u>Watkins v. Commonwealth</u>, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985), <u>cert. denied</u>, 475 U.S. 1099 (1986).  On appeal, "we must give deference to the trial court's decision whether to retain or exclude

individual veniremen because the trial court 'sees and hears the juror.'" Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990) (quoting Wainwright v. Witt, 469 U.S. 412, 426 (1985)), cert. denied, 502 U.S. 824 (1991). Hence, we will not disturb the trial court's decision "absent a showing of 'manifest error.'" Id. (quoting Spencer v. Commonwealth, 240 Va. 78, 94, 393 S.E.2d 609, 619, cert. denied, 498 U.S. 908 (1990)).

Here, during individual voir dire, venireperson Stuart indicated in response to several inquiries by the court and counsel that she "would try" to presume defendant innocent and afford him a fair trial, despite her "religious beliefs" pertaining to "tak[ing] another one's life." When further questioned whether she "would . . . vote for acquittal," "if at the end of the case [she had] a reasonable doubt as to whether the Commonwealth . . . proved" defendant's guilt, she responded, "if . . . they can't prove that he did it, sure, you'd have to vote for acquittal," adding later, "[As long as] they prove that he didn't do it, you know." (Emphasis added). Brief additional voir dire provided little assurance that Stuart understood and would apply the proper burden of proof.

Viewing Stuart's voir dire in its entirety, we find that the record discloses a series of tentative, equivocal responses to questioning intended to probe and ascertain Stuart's state of mind, leaving reasonable doubt of her partiality as a matter of law and requiring that she be removed for cause. See Griffin, 19

Va. App. at 622-26, 454 S.E.2d at 365-66. Under such circumstances, it was reversible error to require defendant to exhaust a peremptory strike to remove the juror. See, e.g., Scott v. Commonwealth, 1 Va. App. 447, 451, 339 S.E.2d 899, 900-01 (1986), aff'd, 233 Va. 5, 353 S.E.2d 460 (1987).

### DENIAL OF MOTION TO SUPPRESS

In reviewing the ruling on a suppression motion, we assess the evidence in the "light most favorable to . . . the prevailing party below," the Commonwealth in this instance, and the decision of the trial court will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Our consideration of the record includes evidence adduced at both trial and suppression hearings, if any. See DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987), cert. denied, 488 U.S. 985 (1988). To prevail on appeal, the defendant must "show . . . that the denial of [his] motion . . . constitute[d] reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

Assuming, without deciding, that Detective Kern's stop of defendant exceeded the jurisdictional limitations of Code § 19.2-249, such violation does not necessitate suppression of related evidence. See, e.g., Troncoso v. Commonwealth, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991). We have previously held that

> "historically, searches or seizures made

> contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right." Virginia employs the rule . . . that evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused. However, our Supreme Court has steadfastly refused to extend that rule to encompass evidence [obtained] pursuant to statutory violations, absent an express statutory provision for suppression.

Id. (quoting Commonwealth v. Brown, 8 Va. App. 41, 44, 378 S.E.2d 623, 625 (1989) (Baker, J., concurring)) (other citations omitted).

The constitutional implications of the subject seizure[1] are governed by Terry v. Ohio, 392 U.S. 1 (1968), and its progeny. Police may conduct an investigatory stop when armed with reasonable and articulable suspicion that an individual "'is committing, has committed or is about to commit' a crime." Layne v. Commonwealth, 15 Va. App. 23, 25, 421 S.E.2d 215, 216 (1992) (quoting Simmons v. Commonwealth, 217 Va. 552, 557, 231 S.E.2d 218, 221–22 (1977)). In assessing the constitutionality of a stop, the court must consider the totality of the circumstances, including the length of the detention, its purposes and attendant requirements, and the officer's diligence and choice of investigative means. See United States v. Sharpe, 470 U.S. 675,

---

[1] "'When the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes . . . .'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (reh'g en banc) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)).

685–86 (1985); DePriest, 4 Va. App. at 587, 359 S.E.2d at 545. These factors must be assessed objectively, and the officer's motivations are of no relevance "as long as the circumstances . . . justify that action." Ohio v. Robinette, 117 S. Ct. 417, 420–21 (1996) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)); see Whren v. United States, 116 S. Ct. 1769, 1774 (1996).

Here, Detective Kern was aware that Bedford County police were en route to arrest defendant on two misdemeanor warrants. He, therefore, properly detained defendant, pending the imminent arrival of the Bedford officers. Kern also "wanted to talk to [defendant]" relative to Kern's investigation of an unsolved murder and questioned him while awaiting the Bedford officers. However, Kern's primary motivation does not displace other justifications for the stop.

The trial court, therefore, correctly denied defendant's motion to suppress, but erroneously denied the motion to strike juror Stuart for cause. Accordingly, we reverse the convictions and remand the proceedings for a new trial.

Reversed and remanded.