COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons[*]
Argued at Chesapeake, Virginia


CORY DeLAURENCIO

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2497-98-1          JUDGE DONALD W. LEMONS
                                         JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Frederick B. Lowe, Judge

            Andrew G. Wiggin (Donald E. Lee, Jr. and
            Associates, on briefs), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Cory DeLaurencio was convicted of capital murder, robbery

and use of a firearm in the commission of a felony.  On appeal,

he contends (1) the trial court erred by refusing to strike a

juror for cause and (2) the evidence was insufficient to support

the convictions for robbery and murder during the commission of

a robbery.  Finding no reversible error, we affirm the

convictions.

_____

        [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

        [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.  BACKGROUND

At approximately 11:00 p.m. on January 14, 1996, Traibeon Thomas was driving eastbound on Route 44.  He had trouble with a tire and pulled his vehicle over to the side of the road, near the Laskin Road exit in Virginia Beach.  Carl Gilliam, who was also driving eastbound on Route 44, stopped his vehicle to assist Thomas.  Gilliam drove Thomas to his apartment where Thomas called a tow truck.  Gilliam then took Thomas to an ATM to obtain money to pay for the tow truck.  When they returned to Thomas' car, Gilliam saw a white Honda Civic parked in front of the vehicle.  Gilliam stopped his car in front of the Honda. According to Gilliam, Thomas said, "it looked like somebody was in his car."  Thomas walked up and confronted DeLaurencio, who then fatally shot Thomas in the head.  Gilliam drove off, called "911" and reported the incident.

Shortly after the incident, DeLaurencio was arrested and taken into custody.  He admitted that he and Aaron Merritt had broken into the car to remove the speakers and were in the process of removing them when Thomas returned.  Thomas told DeLaurencio to "rise up out of the car."  DeLaurencio admitted backing out of the car, pulling a gun out of his pocket, and shooting Thomas.  DeLaurencio said he then returned to the Honda where his friend Merritt was waiting.  After speaking with Merritt, DeLaurencio returned to where Thomas was lying and took his wallet.  Merritt and DeLaurencio drove off in the Honda.

-

When the police examined Thomas' vehicle, they discovered that the back area in the rear seat had been pulled away from the frame of the vehicle exposing two of the large speakers.

DeLaurencio was indicted by a grand jury for capital murder in violation of Code § 18.2-31(4), robbery in violation of Code § 18.2-58, and (3) use of a firearm in the commission of a felony in violation of Code § 18.2-53.1. On December 3, 1996, the robbery indictment was amended by adding "or attempted robbery."

After all the evidence was presented, the jury received a capital murder instruction predicated only on robbery and omitting attempted robbery. DeLaurencio was convicted on all charges and sentenced to a term of life for capital murder, twenty years for robbery and three years for the use of a firearm in the commission of a felony.

## II. MOTION TO STRIKE PROSPECTIVE JUROR

The constitutional right of an accused to a trial by jury is only meaningful if that jury is impartial. See U.S. Const. amends. VI and XIV; Va. Const. art. 1, § 8. This constitutional guarantee is reinforced by legislative enactment and by the Rules of the Supreme Court of Virginia: veniremen must "stand indifferent in the cause." Code § 8.01-357; see Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976); Swanson v. Commonwealth, 18 Va. App. 182, 184-85, 442 S.E.2d 702, 704 (1994) (citation omitted); Rule 3A:14.

-

"'Trial courts, as the guardians of this fundamental right, have the duty to procure an impartial jury.'" Brown v. Commonwealth, 28 Va. App. 315, 326-27, 504 S.E.2d 399, 404 (1998) (quoting Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995)). Accordingly, "the trial judge must probe the conscience and mental attitude of the prospective jurors to ensure impartiality." Griffin, 19 Va. App. at 621, 454 S.E.2d at 364. A juror holding "a preconceived view that is inconsistent with an ability to give an accused a fair and impartial trial, or who persists in a misapprehension of law that will render him incapable of abiding the court's instructions and applying the law, must be excluded for cause." Sizemore v. Commonwealth, 11 Va. App. 208, 211, 397 S.E.2d 408, 410 (1990).

"'[I]n determining whether a prospective juror should have been excluded for cause, we review the entire voir dire, rather than a single question and answer.'" Brown, 28 Va. App. at 327, 504 S.E.2d at 404 (quoting Barnabei v. Commonwealth, 252 Va. 161, 173, 477 S.E.2d 270, 277 (1996)). Whether a juror is impartial is a question of historical fact. See Wainwright v. Witt, 469 U.S. 412, 428 (1985). On appeal, a trial judge's decision to seat a juror is entitled to great deference, and the decision will not be overturned unless the error is manifest. See McGill v. Commonwealth, 10 Va. App. 237, 241, 391 S.E.2d 597, 600 (1990).

-

Here, DeLaurencio contends that the prospective juror should have been struck for cause based on his "prejudice relating to the presumption of innocence" and based on his "prejudice relating to bias toward law enforcement witnesses." We disagree and hold that the trial court did not err by not striking this prospective juror for cause.

"Even though a prospective juror may hold preconceived views, opinions, or misconceptions, the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial." Griffin, 19 Va. App. at 621, 454 S.E.2d at 364. The rationale behind this rule of law has been stated by the Supreme Court of the United States:

> In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

Irvin v. Dowd, 366 U.S. 717, 722-23 (1961). The Supreme Court of Virginia observed:

-

"In these days of newspaper enterprise and universal education, every case of public interest is almost, as a matter of necessity, brought to the attention of all the intelligent people in the vicinity, and scarcely any one can be found among those best fitted for jurors who has not read or heard of it, and who has not some impression or some opinion in respect to its merits. It is clear, therefore, that upon the trial of the issue of fact raised by a challenge for such cause the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality."

Briley v. Commonwealth, 222 Va. 180, 184-85, 279 S.E.2d 151, 154 (1981) (quoting Reynolds v. United States, 98 U.S. 145, 155-56 (1878)).  Therefore, "[t]he constitutional guarantee of an impartial jury does not contemplate excluding those who have read or heard news accounts concerning the case or even exclusion of those who have formed an opinion based on such accounts."  Wilmoth v. Commonwealth, 10 Va. App. 169, 173, 390 S.E.2d 514, 516 (1990).

Accordingly, jurors are not required to be totally ignorant of the facts and issues involved in a case on which they sit. See Pope v. Commonwealth, 234 Va. 114, 124, 360 S.E.2d 352, 358 (1987), cert. denied, 485 U.S. 1015 (1988).  It is sufficient if they can set aside any impression or opinion and decide the case solely on the evidence presented at trial.  See id.  This ability to set aside any impression or opinion garnered from newspaper or other media sources, however, must be demonstrated

-

beyond a reasonable doubt.  See Gosling v. Commonwealth, 7 Va. App. 642, 647, 376 S.E.2d 541, 544 (1989).  Accordingly, any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused.  See Breeden, 217 Va. at 298, 227 S.E.2d at 735.

Here, the prospective juror acknowledged awareness of accounts of the crime in the media but his awareness was coextensive with the brief summary of allegations provided by the trial judge at the commencement of voir dire.  Although he characterized the media's account as "prejudging" the accused, the prospective juror repeatedly stated that he would base his decision upon the evidence presented at trial.

Additionally, viewing the voir dire of the prospective juror as a whole, it is clear that he was committed to hearing the evidence and observing the demeanor of witnesses before making determinations of credibility.  The juror dispelled any notion that the status of being a police officer would per se render the officer's testimony more believable than contrary testimony by one who was not a police officer.  In the hypothetical "swearing contest" posed by defense counsel, the prospective juror stated, "it would depend on who the individual is and what the facts were."  A person's occupation is not excluded from the mix of facts that are permissible in determining credibility.

-

It is ironic that the entire colloquy with the prospective juror over credibility of police testimony took place when the defendant's theory of the case did not involve any credibility determinations based upon testimony by police officers. The defendant had confessed to his involvement in the shooting and to taking the victim's wallet. At trial, he argued that he did not intend to take the victim's wallet when he shot the victim and that the killing and the taking of the wallet were two separate acts. In both his motion to strike and in his motion to set aside the verdict, he argued that the evidence was insufficient to show that the killing occurred during the commission of a robbery. From the identification of potential witnesses for the defense, it is clear that the hypothetical "swearing contest" with a police officer was not anticipated and was not part of the defendant's theory of the case.

DeLaurencio's reliance upon Brown v. Commonwealth, 29 Va. App. 199, 510 S.E.2d 751 (1999), is misplaced. In Brown, one juror had been the victim of an attempted abduction and possible sexual assault and expressed reservations about her ability to set aside her personal experiences in a trial involving similar charges. The second juror in Brown could not embrace the presumption of innocence. Neither of the issues in Brown are implicated in this case.

-

Upon review of the voir dire as a whole, we find that the trial judge did not err by refusing to strike this prospective juror for cause.

### III.  ROBBERY

The issue on appeal as granted by this Court is as follows:

> Whether the trial court committed reversible error by failing to grant appellant's motions to strike and to set aside the jury's verdicts and by finding the evidence sufficient that appellant committed robbery sufficient for a finding of guilty for robbery under Code § 18.2-31(4).

In DeLaurencio's motion to strike, he maintained that a larceny of the wallet took place but that the evidence was insufficient to sustain a conviction for robbery.  Additionally, DeLaurencio maintains that "the killing and the robbery were two separate acts"; consequently, the evidence was "insufficient to show that the killing occurred in the commission of a robbery or attempted robbery."

Robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Jones v. Commonwealth, 172 Va. 615, 618, 1 S.E.2d 300, 301 (1939) (citations and quotation marks omitted).  "The violence or intimidation must precede or be concomitant with the taking." Whitley v. Commonwealth, 223 Va. 66, 73, 286 S.E.2d 162, 166 (1982).  Additionally, "[t]he intent to steal and the taking must coexist.  And the offense is not robbery unless the animus

-

furandi was conceived before or at the time the violence was committed."  Branch v. Commonwealth, 225 Va. 91, 94-95, 300 S.E.2d 758, 759 (1983).

The robbery instruction given by the trial court without objection provided:

> The Court instructs the jury that the defendant is charged with the crime of robbery.  The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> 1.  That the defendant intended to steal; and
> 2.  That a wallet and United States currency was taken; and
> 3.  That the taking was from Traibeon Thomas or in his presence; and
> 4.  That the taking was against the will of the owner or possessor; and
> 5.  That the taking was accomplished by violence to the person.
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence is heard by you.
>
> If you find that from the evidence that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the offense, then you shall find the defendant not guilty.

DeLaurencio maintains that he did not have the requisite intent to steal the wallet prior to or concomitant with the act of violence.  However, the object of his intent is immaterial under the instruction approved by DeLaurencio.  He concedes that

-

he came to the disabled vehicle with the intent to steal the speakers. Further, he concedes that a wallet with currency was taken from the victim against his will. The violence preceded the taking. "[W]here the violence against the victim and the trespass to his property combine in a continuing unbroken sequence of events, the robbery itself continues as well for the same period of time." Briley v. Commonwealth, 221 Va. 532, 543, 273 S.E.2d 48, 55 (1980). Here, DeLaurencio's mental intent to steal, the shooting, and the taking of the wallet are closely connected in time, place, manner and causation. The evidence was sufficient to support the jury's finding that a robbery rather than a mere larceny occurred.

Finally, the Grand Jury indictment charged DeLaurencio,

> [o]n or about January 14, 1996, did willfully, deliberately, and with premeditation, kill Traibeon L. Thomas, during the commission of robbery or attempted robbery.

Upon conclusion of the evidence, counsel and the trial judge discussed jury instructions. Apparently, concerned that the jury would be confused by the inclusion of "robbery or attempted robbery" in the instruction, the trial judge allowed DeLaurencio to choose which of the two circumstances would be offered to the jury as a basis for liability for capital murder: attempted robbery of the speakers or robbery of the wallet. We do not express an opinion concerning the correctness of this procedure because it is not before us on appeal. It is recited herein to

-

explain how the jury was instructed.  DeLaurencio chose the robbery instruction, and attempted robbery was removed from the jury's consideration.

DeLaurencio concedes that he took the victim's wallet.  He maintains, however, that "the killing and the robbery were two separate acts" and that the evidence was "insufficient to show that the killing occurred in the commission of a robbery."  The Commonwealth argues, "[t]he defendant intended to steal from the victim before the killing and did steal from him before or after the killing through the use of force.  He killed during the commission of a robbery."

In Quesinberry v. Commonwealth, 241 Va. 364, 402 S.E.2d 218, cert. denied, 502 U.S. 834 (1991), a larceny became a robbery because the victim interrupted the theft and was killed in a continuing unbroken sequence of events that were the "interdependent objects of a common criminal design."  Id. at 374, 402 S.E.2d at 224.  The jury in Quesinberry was instructed concerning robbery and found that a robbery occurred.

The Virginia Supreme Court in Quesinberry revisited its analysis in Briley, 221 Va. 532, 273 S.E.2d 48.  It said,

> In Briley, Linwood Briley and his cohorts
> stopped their victim outside a restaurant,
> robbed him at gunpoint, forced him into his
> own automobile, abducted him, and took him
> to an island located in the James River.
> Upon arrival at the island, approximately 15
> to 20 minutes after the initial robbery,
> they shot him fatally.  They drove away in
> his car, which they later stripped of parts

-

and abandoned.  We hold that the murder was closely related in time, place, and causal connection to the robbery, making it a part of the same criminal enterprise as a matter of law.  Id. at 544, 273 S.E.2d at 56. Since Briley, we have affirmed convictions for capital murder during the commission of a robbery when the evidence was sufficient to support a conclusion that the killing and theft were interdependent objects of a common criminal design.

Quesinberry, 241 Va. at 373, 402 S.E.2d at 224 (citations omitted).

In this case the murder and the robbery were closely related in time and place and causation sufficient to say that the murder and robbery were interdependent objects of a common criminal design.

Finding no reversible error, the convictions for capital murder, robbery and use of a firearm in the commission of a felony are affirmed.

Affirmed.