COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia


DEMETRIUS ARNEZ HOLMES

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0602-15-2             JUDGE ROBERT J. HUMPHREYS
                                                  AUGUST 2, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Dorian Dalton, Senior Assistant Public Defender, for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Demetrius Arnez Holmes ("Holmes") appeals his February 5, 2015 conviction in a jury

trial from the Circuit Court of the City of Richmond ("trial court") of carjacking, in violation of

Code § 18.2-58.1, robbery, in violation of Code § 18.2-58, and abduction for pecuniary benefit,

in violation of Code § 18.2-48(i).  Holmes' single assignment of error is that the trial court erred

when it denied his "motion to strike juror Greene for cause where juror Greene expressed her

belief that an innocent person would take the stand in their own defense and further expressed

that if a defendant did not testify she would be more likely to think he was guilty."

On appellate review "we consider the evidence and all reasonable inferences flowing

from that evidence in the light most favorable to the Commonwealth, the prevailing party at

trial."  Brown v. Commonwealth, 64 Va. App. 59, 61, 764 S.E.2d 297, 298 (2014).  When

reviewing the determination of whether to exclude a prospective juror, this Court will

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

give deference to the trial court's determination whether to exclude a prospective juror, because the trial court was able to see and hear each member of the venire respond to the questions posed. Thus, the trial court is in a superior position to determine whether a juror's responses during voir dire indicate that the juror would be prevented or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath.

Thomas v. Commonwealth, 279 Va. 131, 164, 688 S.E.2d 220, 238 (2010). "A trial court's decision on this issue will be affirmed absent a showing of manifest error." Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999).

Holmes argues that the trial court erred by overruling his motion to strike for cause Juror Greene because Juror Greene was not impartial. Therefore, the trial court abused its discretion when it refused to remove her from the venire. It is an accused's constitutional right to have a trial by an impartial jury. Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001) (citing U.S. Const. amends. VI, XIV; Va. Const. art. 1, § 8). Additionally, the Commonwealth has codified this right in Code § 8.01-358 and Rule 3A:14 providing that members of the venire must "stand indifferent in the cause." Green, 262 Va. at 115, 546 S.E.2d at 451. Despite the "wide latitude in the seating of jurors, courts must be mindful that if any reasonable doubt exists regarding whether a juror stands indifferent in the cause, that doubt must be resolved in favor of the defendant." Id. at 117-18, 546 S.E.2d at 452. A prospective juror:

must be able to give the accused a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the courts, all the enquiries made into the state of the juror's mind, are merely to ascertain whether the juror comes to the trial free from partiality and prejudice.

Juniper v. Commonwealth, 271 Va. 362, 400, 626 S.E.2d 383, 408 (2006). In determining a juror's impartiality, "a juror's entire voir dire, not isolated portions, must be considered." Vinson, 258 Va. at 467, 522 S.E.2d at 176.

At Holmes' trial, the trial court impaneled 20 jurors and examined the jury on voir dire. The trial court allowed both the Commonwealth and Holmes to ask Juror Greene any relevant questions:

> [DEFENSE COUNSEL]: The constitution says that Mr. Holmes has a right not to testify. It is his constitutional right to remain silent. If he chooses to do that, the law says you can't consider that. You can't say, well, he didn't testify. He's probably got something to hide. Him not testifying is something you cannot consider. Is there anybody who feels like, well, gosh, an innocent person would absolutely take the stand?
>
> JUROR GREENE: Yes.
>
> [DEFENSE COUNSEL]: Do you feel like if Mr. Holmes doesn't testify, there is just no way you could find him not guilty?
>
> JUROR GREENE: Yeah, because if you [sic] innocent, you have something to tell [sic].
>
> [DEFENSE COUNSEL]: Ms. Greene, you feel like an innocent person would testify?
>
> JUROR GREENE: Yes.

Holmes moved to strike Juror Greene for cause because Juror Greene "thought an innocent person would definitely testify, and didn't seem to be backing down on that position." However, the trial court stated from the bench that it "read it the other way to be honest with you. You can bring her out here and ask her more specifically." Then, Juror Greene was brought back before the trial court for a more thorough voir dire.

> THE COURT: Don't worry. You didn't do anything wrong. We just want to follow up with a few questions. The questions, they are gonna [sic] ask you about your response to the question, if he didn't testify, would you hold that against him. At some point in time, if he does or doesn't, and I don't know whether he will or won't, if he

- 3 -

|  | doesn't testify, in one of my instructions I will tell you, don't consider that against him. Some people just can't do that. |
|---|---|
| JUROR GREENE: | I understand. |
| [DEFENSE COUNSEL]: | Would you be able to not consider it? |
| JUROR GREENE: | Mmm-hmm (indicates in the affirmative). |
| [DEFENSE COUNSEL]: | You think so? |
| JUROR GREENE: | Mmm-hmm (indicates in the affirmative). |
| THE COURT: | Do you want to follow up with anything? |
| [COMMONWEALTH]: | If [Holmes] did testify, would you be able to weigh his testimony the same as any other witness? |
| JUROR GREENE: | Yeah. I mean, I would listen carefully to what he's saying. I mean, first I'd look at the evidence or whatever. And if he did testify, I would listen to what he got [sic] to say. But I wouldn't just jump to conclusions. |
| [COMMONWEALTH]: | You wouldn't jump to conclusions either way probably? |
| JUROR GREENE: | Right. |

Holmes renewed his motion to strike Juror Greene for cause based on her initial answers. The trial court denied Holmes' renewed motion to strike Juror Greene for cause because it read Juror Greene's rehabilitation responses to indicate that she would "follow the [trial court's] instructions."[1] After the Commonwealth presented witnesses to establish the elements of each

---

[1] We note that while both the Commonwealth and Holmes exercised their right to alternately strike the names of four veniremen each from the panel, Holmes chose not to use a preemptory strike against Juror Greene.

crime charged and rested its case, Holmes moved to strike the evidence. The trial court overruled Holmes' motion. Finally, Holmes testified in his own defense.[2]

"Jurors are not expected to be learned in legal maxims." Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 736 (1976). This Court is only concerned with a juror's state of mind. "[T]he standard to be applied by a trial court in deciding whether to exclude or retain a prospective juror is whether the prospective juror's views 'would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" Juniper, 271 Va. at 402, 626 S.E.2d at 409 (quoting Breard v. Commonwealth, 248 Va. 68, 77, 445 S.E.2d 670, 676 (1994)). In other words, "the test of impartiality is whether the venireperson can lay aside the preconceived view and render a verdict based solely on the law and evidence presented at trial." Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995). After reviewing the voir dire as a whole, we hold that the trial court did not err in retaining prospective Juror Greene in the jury pool.

During voir dire, Juror Greene answered "[y]eah, because if you [sic] innocent, you have something to tell" in response to Holmes' question, "do you feel like if Mr. Holmes doesn't testify, there is just no way you could find him not guilty?" Further, Juror Greene was individually questioned by the trial court, the Commonwealth, and Holmes regarding her initial responses. During additional questioning the trial court explained that "if [Holmes] doesn't testify, in one of my instructions I will tell you, don't consider that against him." Juror Greene responded that she understood. Moreover, Holmes asked "would you be able to not consider it?"

---

[2] The jury returned its verdict in open court finding Holmes guilty of abduction, carjacking, and robbery. After granting Holmes' motion to poll the jury, the trial court found that the verdicts of the jury were unanimous. On April 8, 2015, the trial court sentenced Holmes in accordance with the February 5, 2015 jury recommended sentence of 20 years' incarceration for abduction, 15 years' incarceration for carjacking, and 5 years' incarceration for robbery.

Juror Greene responded in the affirmative that if Holmes did not testify that she would not consider that against him.  Also, Juror Greene, in response to the Commonwealth's additional question "if [Holmes] did testify, would you be able to weigh his testimony the same as any other witness?" stated that she "would listen carefully to what he's saying.  I mean, first I'd look at the evidence or whatever.  And if he did testify, I would listen to what he got [sic] to say.  But I wouldn't just jump to conclusions."

The trial court denied Holmes' renewed motion to strike Juror Greene for cause stating from the bench that it believed she would follow the trial court's instructions.  Thus, Juror Greene was able to answer the trial court's questions and both attorneys' questions in a manner that demonstrated to the trial court her ability to be a fair and impartial juror and, irrespective of her view that an innocent person "has a story to tell" and should testify, could set aside that view and decide the case solely based upon the law and the evidence.  Because we give deference to the trial court's decision whether to strike a potential juror for cause and there is evidence in the record of the juror's responses supporting the trial court's conclusion, we hold there was no manifest error in the trial court's decision in refusing to strike Juror Greene for cause.  Accordingly, we affirm the trial court's decision denying Holmes' motion to strike Juror Greene for cause and affirm Holmes' convictions of abduction, robbery, and carjacking.

<u>Affirmed.</u>