UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Athey
Argued at Fredericksburg, Virginia


SALODUS ZELOTER HICKS IV, S/K/A
  SALODIUS Z. HICKS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0659-22-4                 JUDGE MARY GRACE O'BRIEN
                                                       AUGUST 15, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Allison H. Carpenter, Deputy Public Defender (Marissa Ulman,
Senior Assistant Public Defender, on briefs), for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Salodus Zeloter Hicks (appellant) was convicted by a jury of rape, second or subsequent

offense, in violation of Code §§ 18.2-61 and 18.2-67.5:3, and assault and battery, in violation of

Code § 18.2-57.[1] Appellant contends the court erred by failing to strike a juror for cause. For the

following reasons, we reverse and remand appellant's convictions for a new trial.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Appellant was charged with rape, second or subsequent offense, sodomy, and
strangulation. The jury acquitted appellant of sodomy and found him guilty of the lesser-included
offense of assault and battery on the strangulation charge.

[2] Because we find the court erred by failing to strike Juror 49 for cause, a dispositive issue,
we do not reach appellant's remaining assignments of error or his separate challenge to Juror 33.
*See Conley v. Commonwealth*, 284 Va. 691, 694 n.3 (2012).

BACKGROUND[3]

I.  Evidence at Trial

At trial, D.P., a masseuse, testified that she received an appointment request from appellant for a massage in September 2018.  D.P. had never met appellant before.  When appellant arrived at the apartment where she provided services, he asked D.P. to remove her clothes and inquired how much she would charge.  D.P. refused to take off her clothing and told appellant, "I don't do that, go home, you c[a]me to the wrong place."  Appellant became angry and grabbed her by the neck.  D.P. tried to pull away but appellant chased her, threw her to the floor, sat on top of her and used both hands to squeeze her neck.  D.P. testified that appellant then orally sodomized her and raped her.  D.P. later identified appellant from surveillance video taken from the apartment complex, and he was subsequently arrested and charged.  Appellant's defense at trial was that D.P. had consented to sexual relations and that her testimony was not credible.

II.  Voir Dire

During voir dire, defense counsel asked the prospective jurors if they agreed that "a woman who has the courage to make a sexual assault claim should be believed."  Several jurors responded affirmatively, including Juror 49.

During the questioning of one juror who responded affirmatively, the court "[re]frame[d]" the defense's question with "the legal concepts."  The court asked the juror, "The question that [defense counsel] is asking . . . relates to judging the credibility of testimony.  Okay?  So if the Court is to instruct you [to consider] all the . . . facts and circumstances that are in evidence, could

---

[3] On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)).  That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

you do that?" The court explained that defense counsel's question "relates to the statement[:] if a person comes forward and makes these allegations, they must be telling the truth[,]" and told the juror, "The whole point of this is to determine who's telling the truth. So if your response is, yeah, I believe that, and the mere fact that she's here means she must be telling the truth, then I want to know that . . . . Is that how you feel?"

When defense counsel reached Juror 49, the juror referenced the court's earlier question and responded,

> Your Honor had said that the witness must be, must be telling the truth. I don't agree with – I don't believe that, just because they came forward, that they must be telling the truth. You asked, are they more likely to be telling the truth? And to me, yes, because I don't understand why someone would put themselves through this if it wasn't – if that didn't actually happen.

The following exchange between defense counsel and the juror ensued:

> [DEFENSE COUNSEL]: Do you think – so, I guess, is what you're saying, in a sexual assault sort of allegation case for a woman that's making a claim, do you find, without even knowing the facts, do you think that claim is more credible, just by virtue of what the claim is?

> JUROR 49: Yes. I have some bias there. I believe that it doesn't make sense – I don't understand why the person would come forward and put themselves through the rigors of trial if it wasn't something that the person believed to have happened.

> [DEFENSE COUNSEL]: So, entering into this, you think it would be difficult for you to un-feel that bias that you're entering in with?

> JUROR 49: I would give my best try to set that aside, but there is a bias in that regard, yes.

Juror 49 was then questioned by the Commonwealth about his ability to set aside his bias:

> [THE COMMONWEALTH]: Do you think you could make a decision in this case based solely on the evidence before you? Even if you come into it thinking, if a woman is willing to go through all this, it must be true, are you willing to acknowledge that if you didn't think the evidence was sufficient or, for whatever reason, you didn't believe her, that you would factor that in versus just saying, well, I automatically believe women?

JUROR 49: Yes. No. So, do I believe if she came forward and she says she was raped, that she was raped? Yes. Does that mean that the Defendant is guilty? No. Because we don't know any of the facts. I don't know that she actually named the Defendant. We don't know any of those things. But the question was, would I believe that someone who said they were raped is more believable? More believable, yes, but that doesn't mean that they actually – that I have to take a step forward and say the Defendant is guilty, if that makes sense.

[THE COMMONWEALTH]: That makes sense.

JUROR 49: Okay.

[THE COMMONWEALTH]: Thank you. . . .

Neither counsel nor the court questioned Juror 49 further. Appellant moved to strike Juror 49 for cause, but the court denied the motion. The court found that Juror 49 "specifically redeemed himself" by clarifying that he understood his role in the "context of a legal proceeding" and noted that some of defense counsel's questions "didn't relate to a legal proceeding."

ANALYSIS

"The right to be tried by an impartial jury is guaranteed under both the United States and Virginia Constitutions." *Taylor v. Commonwealth*, 61 Va. App. 13, 22 (2012). "For that guarantee to be effective, persons accused of violating criminal laws must be provided with 'an impartial jury drawn from a panel free from exceptions.'" *Id.* (alteration omitted) (quoting *Breeden v. Commonwealth*, 217 Va. 297, 300 (1976)).

While "this Court gives significant deference to a trial court's decision to strike a prospective juror or not," which we will not disturb absent a manifest error that amounts to an abuse of discretion, *Ramos v. Commonwealth*, 71 Va. App. 150, 157 (2019), it remains the "trial judge's duty to secure an impartial jury for the parties," *Swanson v. Commonwealth*, 18 Va. App. 182, 185 (1994) (quoting *Gosling v. Commonwealth*, 7 Va. App. 642, 645 (1989)).

- 4 -

A prospective juror is disqualified if he holds "an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 64 (2011) (quoting *Justus v. Commonwealth*, 220 Va. 971, 976 (1980)). "In conducting our review, we consider the juror's entire voir dire, not merely isolated statements." *Lovitt v. Commonwealth*, 260 Va. 497, 510 (2000). If the voir dire, as a whole, reveals any "reasonable doubt as to a juror's qualifications," that doubt "must be resolved in favor of the accused." *Simmons v. Commonwealth*, 63 Va. App. 69, 74 (2014) (quoting *Breeden*, 217 Va. at 300).

Appellant argues that the court abused its discretion by denying his motion to strike Juror 49 for cause. He asserts that Juror 49's statements reveal a presumption of guilt because the juror expressed a belief that accusations of sexual assault are inherently credible. Additionally, he argues, Juror 49's responses to the Commonwealth's questioning did not evince an ability to set that bias aside. We agree.

Juror 49 repeatedly demonstrated that he held a preconceived view which "repel[ed] the presumption of innocence." *Lovos-Rivas*, 58 Va. App. at 64 (quoting *Justus*, 220 Va. at 976). Although Juror 49 initially stated that a complaining witness was only "more likely" to be telling the truth, he later unequivocally stated, "do I believe if [a complaining witness] came forward and she says she was raped, that she was raped? Yes." This apparent inconsistency in his responses did not elicit any further questions and was never resolved. Regardless, Juror 49 "start[ed] with the premise that he would believe a [complaining witness] over another witness. This is the lens through which he would evaluate whether the [complaining witness] is lying. It is not a neutral evaluation." *Taylor*, 61 Va. App. at 26.

"It is not uncommon to discover during voir dire that prospective jurors have preconceived notions, opinions, or misconceptions," however, and our inquiry does not end there. *Cressell v.*

*Commonwealth*, 32 Va. App. 744, 761 (2000) (quoting *Griffin v. Commonwealth*, 19 Va. App. 619, 621 (1995)). "[T]he test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial." *Id.* (quoting *Griffin*, 19 Va. App. at 621).

Juror 49's answers to questions about whether he could set his bias aside were equivocal and insufficient to rehabilitate him. When asked if it would be difficult for him to "un-feel that bias," he stated that he could only "give [it his] best try to set that aside" but immediately reiterated that "there is a bias in that regard." *See Brown v. Commonwealth*, 29 Va. App. 199, 208 (1999) (holding that the trial court erred by failing to strike a juror for cause when her responses to whether she could set aside her personal experiences were "I think," "I don't know," and "I would try"); *see also Taylor*, 61 Va. App. at 25 (finding error where a juror equivocated several times about his ability to set aside his belief that law enforcement officers were more credible than other witnesses, ultimately stating that he could only "try").

Additionally, the Commonwealth's rehabilitative question "did not address the juror['s] [bias] because it embodied two separate inquiries" and "failed . . . to address whether the juror['s] viewpoints or biases were firmly held or were merely misconceptions that would not prevent [the juror from] applying the law." *Sizemore v. Commonwealth*, 11 Va. App. 208, 213-14 (1990). Juror 49's ambiguous "Yes. No." response and following explanation create reasonable doubt about his ability to "lay aside [his] . . . preconceived views." *Cressell*, 32 Va. App. at 761 (quoting *Griffin*, 19 Va. App. at 621). Juror 49 never committed to "render[ing] a verdict based solely on the law and evidence presented at trial," *Taylor*, 61 Va. App. at 23 (quoting *Lovos-Rivas*, 58 Va. App. at 61)— his response failed to directly respond to this aspect of the Commonwealth's question. *See id.* at 26 ("[The juror] at no time said he would, in fact, be impartial . . . ."). Juror 49 merely elaborated on his bias, maintaining that although "someone who said they were raped is more believable," the

perpetrator's identity might still be in question, and he would not find appellant guilty if the Commonwealth could not prove appellant's identity as the rapist. This comment in and of itself required rehabilitation, as it indicates an unwillingness or inability to consider appellant's consent defense and implies that such testimony by the complaining witness would automatically establish the corpus delicti. *See Allen v. Commonwealth*, 287 Va. 68, 72 (2014) ("'In every criminal prosecution' the Commonwealth must prove the corpus delicti: 'the fact that the crime charged has been actually perpetrated.'" (quoting *Maughs v. City of Charlottesville*, 181 Va. 117, 120 (1943))).

Moreover, Juror 49 was never asked whether he could presume appellant innocent until proven guilty after he gave responses inconsistent with this principle of law. *See Sizemore*, 11 Va. App. at 213 ("[T]o determine whether a juror's expressed viewpoint is fixed . . . the court or counsel must make inquiry which pointedly addresses the problem of whether the view held is contrary to the legal principles which the person must apply as a juror."). The Commonwealth merely asked a general question to which the juror did not give a clear answer. The answer he did give, however, "does not establish that he is impartial or would not give undue weight to a [complaining witness's] testimony." *Taylor*, 61 Va. App. at 26.

"[C]onsider[ing] the juror's entire voir dire," Juror 49's responses created reasonable doubt about his qualifications to serve on a jury. *Lovitt*, 260 Va. at 510. "Even though circuit courts have wide latitude in the seating of jurors, courts must be mindful that if any reasonable doubt exists regarding whether a juror stands indifferent in the cause, that doubt must be resolved in favor of the defendant." *Green v. Commonwealth*, 262 Va. 105, 117-18 (2001). Thus, we resolve that reasonable doubt in favor of appellant and find that the court erred by denying appellant's motion to strike Juror 49 for cause.[4]

---

[4] Although appellant used a preemptory strike on Juror 49, "[i]t is prejudicial error for the trial court to force a defendant to use peremptory strikes to exclude a venireman from the jury panel

CONCLUSION

For these reasons, we reverse and remand appellant's convictions for a new trial.

*Reversed and remanded.*

---

if that person is not free from exception," *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005), and such an error is not harmless, *DeLeon v. Commonwealth*, 38 Va. App. 409, 413 (2002).