**Richmond**

GARY ALVIN GOSLING

v.

COMMONWEALTH OF VIRGINIA

No. 1005-86-2

Decided February 7, 1989

Counsel

Thomas R. Robinett, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BENTON, J.**—Gary Alvin Gosling, a prisoner, was convicted and sentenced to five years in the penitentiary for willfully damaging a building in a state correctional facility for the purpose of rendering the facility less secure as a place of confinement. Code § 53.1-203(2). On this appeal Gosling asserts that the trial judge erred in not striking for cause a member of the venire who acknowledged that he would accept the testimony of a correctional officer over

the testimony of an inmate. For the reasons set forth below, we reverse the conviction and remand the case for a new trial.

On February 22, 1985, Gosling was charged with removing the vent plate and window from his cell at the Nottoway Correctional Center. The Commonwealth's sole witness at trial was Sergeant C.O. Gibbs, a correctional officer in charge of the facility. The witnesses for the defense included Gosling and Carl Shiflett, another inmate at the facility.

During voir dire, the judge asked members of the jury panel the relevant questions enumerated in Rule 3A:14. Gosling's counsel then asked the jury panel, "Would any of you tend to give greater weight to the testimony of a correctional officer simply because he is a correctional officer?" One of the panel members, Joseph Irby, responded, "Sure I would." When asked why, Irby stated, "I don't think he's particularly got any axe to grind. After all the prisoner is serving time and I don't think the correctional officer wants to give him any more time." Upon further questioning by defense counsel, Irby stated that he would tend to believe a correctional officer and to disbelieve witnesses that were inmates. At this point, defense counsel moved to strike Irby for cause.

Without ruling on the motion, the judge asked Irby whether he would examine the testimony of a correctional officer in the same way that he would examine the testimony of an inmate. Irby stated, "Judge, I would certainly listen to the inmate, but I would feel that the correctional officer that's got no axe to grind, he's not trying to get somebody in trouble, and the inmate would be trying to get himself out of trouble, or get his fellow inmate out. I think he would have a motive not to tell the truth where I don't think the correctional officer would have a motive." The judge then explained at length to the entire jury panel the general rules concerning credibility of witnesses, opportunity for knowing the truth and standards for examining credibility. At the conclusion of this discourse, the trial judge again asked Irby whether he would credit the testimony of the correctional officer over the testimony of the inmates. Irby responded "I feel like I can give the man a trial. I would not be convicting him unless its proved beyond a reasonable doubt that he is guilty." After these exchanges, defense counsel again moved to strike Irby for cause. The judge denied the motion and Irby was peremptorily struck from the panel.

 The right to a trial by an impartial jury is guaranteed under both the United States and Virginia Constitutions. *See* U.S. Const. amend VI; Va. Const. art I, § 8. This guarantee is reinforced by legislative enactment and by the rules of court. Code §§ 8.01-357, 8.01-358; Rule 3A:14(a)(7). It is the trial judge's duty to secure an impartial jury for the parties. *Salina v. Commonwealth*, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976). Resolution of the question of a juror's impartiality depends upon the facts and circumstances of each particular case. *Educational Books, Inc. v. Commonwealth*, 3 Va. App. 384, 387, 349 S.E.2d 903, 906 (1986). At a minimum, however, the law requires that the juror "stand indifferent in the cause." *Id.; see also Breeden v. Commonwealth*, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976). Any reasonable doubt regarding the prospective juror's ability to give the accused a fair and impartial trial must be resolved in favor of the accused. *Justus v. Commonwealth*, 220 Va. 971, 976, 266 S.E.2d 87, 90 (1980); *Breeden*, 217 Va. at 298, 227 S.E.2d at 735; *Educational Books, Inc.*, 3 Va. App. at 387, 349 S.E.2d at 906.

 Although jurors have a right and a duty to determine the credibility of witnesses in a particular case, giving unqualified credence to the testimony of a law enforcement officer based solely on the officer's official status constitutes impermissible bias. *Mullis v. Commonwealth*, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987). In appropriate cases, counsel are entitled to inquire as to whether a prospective juror would assign undue weight to the testimony of a law enforcement officer based on official status alone. *Id.* Indeed, in those cases whose outcomes turn in large part upon a credibility determination between prosecution witnesses with official status and defense witnesses with no official status, such inquiry into potential bias may be required. *Id.* at 571, 351 S.E.2d at 924.

Upon review of the entire record of *voir dire* in the present case we conclude that the judge's refusal to exclude Irby from the jury panel constituted reversible error. We emphasize that the prosecution's case rested entirely upon the testimony of correctional Officer C.O. Gibbs and that Gosling's evidence in defense consisted of his own testimony and that of another inmate. Thus, the Commonwealth's case turned solely upon a credibility determination to be made by the jurors. In this respect, the present case is distinguishable from *Mullis*, for in *Mullis*, credibility issues did not

play a significant role. 3 Va. App. at 572, 351 S.E.2d at 924.

In response to defense counsel's inquiry whether any jurors would tend to assign greater weight to the testimony of a correctional officer simply because he was a correctional officer, Irby revealed his bias in clear, unequivocal terms, stating, "Sure I would." Upon further inquiry, Irby indicated that he would do so because, to his mind, correctional officers have no motive to be untruthful. The question was then rephrased and repeated by both defense counsel and the judge. Irby did not at this point waver either in his position or his rationale. This unfaltering biased viewpoint, viewed in light of the significance of the credibility issue to the outcome of the case, raised a reasonable doubt as to Irby's qualifications and should have led to his exclusion from the jury panel.

The Commonwealth argues that Irby's additional statements that he could give Gosling a fair trial indicate that Irby was not committed to any preconceived views. A juror's subsequent statement that he can give the defendant a fair and impartial trial, however, is not dispositive when preceded by positive, unequivocal testimony of bias. *See Justus*, 220 Va. at 977, 266 S.E.2d at 91. Even if we were to assume that the demonstrated bias in this case was of a type where rehabilitation of the juror was possible, the statements and questions propounded by the judge were insufficient to rehabilitate Irby. Instead of engaging in a specific inquiry regarding the nature and extent of Irby's bias, the judge gave a general lecture to the jurors concerning the standards for determining credibility of witnesses. When he was through, the judge again queried:

> *Now, in light of that, Mr. Irby,* would you give more credit to the testimony of an officer just because he comes in in a uniform and says I'm a correctional officer, than you would an inmate who comes in in prison clothes and says I'm an inmate and I'm in prison?

(emphasis supplied). This question, posed to Irby as it was after the lecture to all the jurors, was unduly suggestive, "vitiat[ing] any element of independent consideration by the juror." *Educational Books*, 3 Va. App. at 389, 349 S.E.2d at 908; *see also Breeden*, 217 Va. at 300, 227 S.E.2d at 736 (in response to long leading questions, juror merely gave expected answers). Evidence

of the requisite qualifications for impartial service must emanate from the juror, unsuggested by leading questions. *Educational Books, Inc.*, 3 Va. App. at 389, 349 S.E.2d at 907 (citing *Parsons v. Commonwealth*, 138 Va. 764, 773, 121 S.E. 68, 70 (1924)). The judge's question to Irby must be viewed in the context of the lecture that preceeded it, the relative position of judge to juror, and the weight generally accorded statements by the trial judge. *See Wilson v. Commonwealth*, 2 Va. App. 134, 138, 342 S.E.2d 65, 67 (1986).

The judge's failure to rehabilitate Irby is further evidenced by Irby's response to additional questions propounded by defense counsel. Although Irby stated that he would give Gosling a "fair trial to the best of [his] ability," when asked if his ability would be impaired by the fact that the defense witnesses were inmates, he stated, "No, I don't *think* so." (emphasis supplied). Irby's statement, in response to the question whether he still held to his position favoring the testimony of correctional officers generally, is also revealing:

> Mr. Robinett, I haven't heard any testimony. I have no idea what they will testify to; but you believe some people and you don't [believe others]. *You could get a correctional officer that to me could be lying; I don't know.*

(emphasis supplied).

Irby's responses to these questions indicate that he was still predisposed to believe correctional officers over other witnesses. These responses were simply insufficient to dispel the reasonable doubt lingering as to the juror's qualifications to serve. The doubt should have been resolved in favor of the accused. *Salina*, 217 Va. at 94, 225 S.E.2d at 200.

Code § 8.01-357 provides that peremptory challenges are to be made from "a panel free from exceptions." *See also Justus*, 220 Va. at 975, 266 S.E.2d at 90. Putting the defense in a position where it is forced to exercise its peremptory challenges to exclude a biased juror is not harmless error.[1] *Id.*; *Breeden*, 217 Va. at 300,

---

[1] Although the Commonwealth argues that the record does not disclose whether the defense actually used one of its peremptory challenges to exclude Irby, this fact is not relevant to our determination of prejudicial error. *See id.* n. *.

227 S.E.2d at 737. The conviction is therefore reversed and the case remanded for a new trial.

*Reversed and remanded.*

Barrow, J., and Hodges, J., concurred.