JOHN E. KUZMINSKI

v.

COMMONWEALTH OF VIRGINIA

No. 0724-88-1

Decided April 18, 1989

COUNSEL

Michael Rosenberg, Assistant Public Defender, for appellant.

Michael D. Eberhardt, Assistant Commonwealth's Attorney, for appellee.

OPINION

COLE, J.—The appellant, John E. Kuzminski, was convicted in the Circuit Court of the City of Portsmouth on February 4, 1987, of trespassing. He was sentenced to twelve months in jail, six months of which was suspended, fined $500, and ordered to make restitution to the victim. He also was placed on supervised probation for an indeterminate period upon his release from confinement. The fourth condition of Kuzminski's probation was that he submit in person or by mail a written report at the end of each month to the Probation and Parole Officer on furnished forms and to report as otherwise instructed. He was charged with a violation of the condition and a revocation hearing was held on May 17, 1988.

Kuzminski's probation officer testified that Kuzminski's adjustment was poor after October 21, 1987, the date of the last personal contact. No monthly report was filed after August, 1987. Kusminki was instructed on numerous occasions to make office visits, but failed to do so. Five appointments were made between January 21, 1988, and February 11, 1988. None were kept. Restitution and court costs, provided as special conditions for probation, were not paid. In his testimony, Kuzminski stated: "I don't put the blame on nobody but myself." He further asserted: "I need help in the drug rehabilitation program for marijuana. That's why I have the lack of responsibility, which I'm sure everyone can see." The trial court revoked the suspended sentence by order dated May 17, 1988. This appeal of the revocation order followed.

Counsel for Kuzminski filed a petition for appeal. After stating fully the facts, counsel stated that he had conscientiously examined the record and believed that there were no meritorious issues to be presented on appeal. He further stated that the trial court concluded that the defendant violated his probation by not

cooperating with his probation officer. He concluded that mere dissatisfaction with the sentence was not an arguably meritorious issue on appeal, and asked permission to withdraw as counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967).

We must determine whether the petition filed in this appeal satisfies the *Anders* requirements:

His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses.

*Anders* emphatically mandates that counsel file "a brief referring to anything in the record that *might arguably* support the appeal." *See Akbar v. Commonwealth*, 7 Va. App. 611, 612, 376 S.E.2d 545, 546 (1989). We support what was said in *Anders* and *Akbar*. However, we do not believe that *Anders* requires counsel to do the impossible.

In this case it is evident that counsel, after a conscientious examination of the record, advised the court that the defendant had no meritorious issues and requested permission to withdraw as counsel. He supplied a brief to the court with a copy to the defendant which recited all of the facts of the case and concluded that there were no meritorious issues to be presented on appeal. Upon consideration of the motion to withdraw, on September 21, 1988, this court granted permission to the appellant until October 6, 1988, to file a *pro se* petition for appeal. None has been filed.

We have fully examined all of the proceedings in this case and we hold that the appeal is wholly frivolous and there is nothing in the record that might arguably support this appeal. The motion for leave to withdraw is granted and the petition is denied.

*Petition denied.*

Baker, J., and Barrow, J., concurred.