**Salem**

TERRY IRA SIZEMORE

v.

COMMONWEALTH OF VIRGINIA

No. 0483-89-3

Decided October 23, 1990

COUNSEL

James R. Henderson, IV (Henderson & De Courcy, P.C., on briefs), for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal of a conviction for distributing cocaine, Terry Ira Sizemore claims that he was denied a fair and impartial trial because three of the jurors believed that he was required to present evidence of his innocence. Sizemore argues that these jurors were not disabused of this preconceived view, which he contends was disqualifying, by answering the trial judge's rehabilitative question that they could follow an instruction that the Commonwealth had the burden to prove the defendant guilty beyond a reasonable doubt. We agree and reverse the conviction because the trial court's inquiry was insufficient to overcome the jurors' expressed view that they expected the defendant to prove his innocence. Accordingly, we do not address the remaining questions of alleged error.

We first consider the Commonwealth's argument that Sizemore waived his objection to seating the jurors because at trial he failed to make a timely objection.

The *voir dire* was conducted in small groups of jurors. Defense counsel did not challenge any of the jurors as they were questioned. After *voir dire* of the last group of jurors, the trial court recalled all members of the jury pool to the courtroom and dismissed those not seated on the panel. Apparently, before the excused jurors had departed and before the jury had been sworn, defense counsel approached the bench and stated that he desired to challenge three of the jurors for cause. Although the trial judge chided counsel to be more prompt in making his challenge, the court nevertheless entertained the challenge and ruled that the three jurors were qualified. Accordingly, the defendant's objection was sufficiently contemporaneous to enable the trial court to consider and rule on the challenge and to prevent error had the court been so persuaded. Sizemore's challenges were timely and his right to appeal the trial court's ruling was preserved. *See Marlowe v. Commonwealth*, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Each of the three jurors challenged for cause, when asked during *voir dire* whether she or he felt the defendant must prove anything, replied that they expected the defendant to produce evidence showing that he was not guilty. Two of the jurors further indicated that the extent to which they would expect the defendant to produce evidence would depend upon the evidence produced by the Commonwealth. The only question asked of these jurors thereafter, which the Commonwealth contends established that the jurors would not allow this misconception to interfere with their ability to apply the law as instructed by the court, was whether they could apply the principle that the Commonwealth had the burden to prove the defendant guilty beyond a reasonable doubt. Each juror responded that he or she could do so.

A juror who holds a preconceived view that is inconsistent with an ability to give an accused a fair and impartial trial, or who persists in a misapprehension of law that will render him incapable of abiding the court's instructions and applying the law, must be excluded for cause. *Breeden v. Commonwealth*, 217 Va. 297, 298-300, 227 S.E.2d 734, 735-36 (1976); *see Gosling v. Commonwealth*, 7 Va. App. 642, 644-47, 376 S.E.2d 541, 543-45 (1989)(after lengthy explanation of law regarding the credibility of witnesses, juror again indicated that he would favor the testimony of a corrections officer). The right of an accused to a trial

by a fair and impartial jury is constitutional and requires that any reasonable doubt whether a juror is unbiased or will be able to follow the court's instructions and the law must be resolved in the accused's favor. *Breeden,* 217 Va. at 298, 227 S.E.2d at 735. However, no *per se* exclusion is required when a juror expresses an expectation that a defendant will testify, *Townes v. Commonwealth,* 234 Va. 307, 329, 362 S.E.2d 650, 662 (1987), *cert. denied,* 485 U.S. 971 (1988), or when a prospective juror is unschooled in the law. *Breeden,* 217 Va. at 300, 227 S.E.2d at 376.

■ The test for seating a prospective juror who has a preconceived viewpoint which would otherwise be disqualifying is whether the juror can disabuse his or her mind of the preconceived opinion or misconception "and decide the case on the evidence submitted and the law as propounded in the court's instructions." *Townes,* 234 Va. at 329, 362 S.E.2d at 650; *Foley v. Commonwealth,* 8 Va. App. 149, 154, 379 S.E.2d 915, 918 (1989). The crucial question is whether an opinion expressed by a juror which is contrary to the presumption of innocence in a criminal case is immutable since the opinion which disqualifies her or him is one which is fixed in that juror's mind. *Justus v. Commonwealth,* 220 Va. 971, 976, 266 S.E.2d 87, 91 (1980), *cert. denied,* 455 U.S. 983 (1982). In Sizemore's case, the three jurors expressed an opinion that is clearly at odds with an accused's presumption of innocence and his right not to have to produce evidence to establish his innocence. Based upon these three jurors' responses, they harbored the common expectation that one accused and charged of criminal wrongdoing will produce evidence to prove his or her innocence. Therefore, unless the record affirmatively establishes that the jurors' expectations of the defendant were not fixed, we must assume that the jurors were seated while continuing to harbor the view that the defendant must prove his innocence, a disqualifying bias.

■ When a juror has expressed a disqualifying view during *voir dire,* the clarification or absence of disqualification must emanate from the juror in order to establish that the juror is impartial and is free of bias. *Martin v. Commonwealth,* 221 Va. 436, 444-45, 271 S.E.2d 123, 129 (1980). To determine whether a challenged juror has demonstrated impartiality, the juror's responses must be viewed in the context of the entire *voir dire. Wise v. Commonwealth,* 230 Va. 322, 325-26, 337 S.E.2d 715, 717-18

(1985), *cert. denied*, 475 U.S. 1112 (1986). Moreover, appellate courts must accord great deference to the trial judge in deciding a challenge for cause since "the trial judge sees and hears the prospective jurors and is in a position to weigh the inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." *LeVasseur v. Commonwealth*, 225 Va. 564, 584, 304 S.E.2d 644, 655 (1983), *cert. denied*, 464 U.S. 1063 (1984).

However, before the trial court can determine a juror's state of mind or can determine whether a juror harbors a bias or an opinion which will disqualify, the questions propounded to the juror must address the basis of the opinion or bias. In order to determine whether a juror's expressed viewpoint is fixed or is a preconceived misconception which can be laid aside, the court or counsel must make inquiry which pointedly addresses the problem of whether the view held is contrary to the legal principles which the person must apply as a juror. The court or counsel, therefore, must propound questions which probe whether the disqualifying view held by the juror is fixed or can be set aside. The fixed nature of a juror's view or bias is not disclosed by questions which only inferentially address the problem. The concern which is raised when a juror expresses a viewpoint which raises doubt about his or her qualification or impartiality is not assuaged merely by the juror responding appropriately to a general question which does not specifically address the basis for the apparent disqualification. *Gosling*, 7 Va. App. at 646-47, 376 S.E.2d at 545.

The question which the Commonwealth's attorney put to the jurors failed in two regards to address whether the jurors' viewpoints or biases were firmly held or were merely misconceptions that would not prevent their applying the law. First, no question was asked or statement made to the jurors which told them that Sizemore did not have to produce any evidence and that his failure to do so could not be considered against him as evidence of guilt or as an indication of the strength of the Commonwealth's evidence. *See, e.g., Townes*, 234 Va. at 328, 362 S.E.2d at 662 (jurors were asked a specific question directly addressing their disqualifying responses). Rather, the jurors were asked whether they could apply an abstract rule of law that the Commonwealth bore the burden of proving the defendant guilty beyond a reasonable doubt. The jurors' affirmative responses to that question did not

preclude those jurors from adhering to their preconceived notion that an accused would be required to prove his innocence. The jurors may well have been willing and able to require that the Commonwealth prove guilt beyond a reasonable doubt, but nevertheless been of the view that the defendant's silence or failure to produce evidence of his innocence could be considered as evidence tending to satisfy the Commonwealth's burden. In other words, the jurors may have been willing to impose the burden upon the Commonwealth of proving guilt of the defendant beyond a reasonable doubt, but in light of their responses, they may have considered that the defendant's failure to testify, or refute the charges, or prove his innocence was a circumstance to consider in determining whether guilt had been proven. Once a prospective juror has declared that he or she expects a defendant to produce evidence of his innocence, before that juror may be properly seated, the court must make sufficient inquiry to ascertain that the preconceived viewpoint is not such a firmly held misconception that it prevents the juror from applying the law of the case. When a juror has stated that he or she would give adverse consideration to a defendant's failure to produce evidence of his innocence, the prospective juror is not qualified until that juror specifically and affirmatively states that he or she can set aside that view and hear and determine the case according to the law.

Furthermore, the question propounded by the Commonwealth's attorney did not address the jurors' misconceptions because it embodied two separate inquiries: could the juror place the burden of proof on the Commonwealth and could the juror demand that the proof be beyond a reasonable doubt. Given the manner in which the question was phrased,[1] the jurors may well have understood the inquiry to be whether they could follow an instruction that demanded a high level of persuasion, proof of guilt beyond a reasonable doubt. In light of their expectation that the defendant would produce evidence of his innocence, the trial court could not assume that they somehow understood from their responses to the

---

[1] The question asked to juror King:

"If the court instructed you that the burden of proof was upon the Commonwealth, that is, my side of the case, to prove the guilt of this defendant beyond a reasonable doubt, would you be able to follow and abide by that instruction?"

The question asked to jurors Matz and Meadows:

"If the court instructed you that the burden of proof was on the Commonwealth to prove the guilt of this defendant beyond a reasonable doubt, could you follow that instruction?"

question that the defendant's failure to produce evidence of innocence could not be considered as evidence of a tacit admission tending to prove guilt. Neither the Commonwealth's attorney nor the trial court told the jurors that an accused is not required to prove his innocence and that his failure to do so cannot be considered as proving his guilt or aiding the Commonwealth in doing so. Because the Commonwealth's attorney's question did not specifically address whether the jurors could lay aside their preconceived misconceptions and not require the accused to produce evidence of his innocence, and because the jurors' affirmative responses to the question which was asked were insufficient to dispel the expectation that the defendant would prove his innocence, their qualification to serve was not established. *See Gosling*, 7 Va. App. at 646-47, 376 S.E.2d at 545.

Accordingly, Sizemore's conviction is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.