COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


RICHARD RUSH MURRAY, JR.
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0874-00-4           JUDGE NELSON T. OVERTON
                                         APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Henry E. Hudson, Judge

               David M. Hall (Phillips, Beckwith, Hall &
               Chase, on briefs), for appellant.

               Virginia B. Theisen, Assistant Attorney
               General (Mark L. Earley, Attorney General, on
               brief), for appellee.


     Richard Rush Murray, Jr. (appellant) was convicted of robbery

and use of a firearm in the commission of robbery.  On appeal, he

contends the trial court erred by denying his motion to dismiss

juror Ray for cause.  For the reasons that follow, we reverse the

convictions and remand for a new trial.

                              BACKGROUND

     During voir dire, appellant's attorney asked if any member

of the venire had been a victim of a crime.  The following

exchange took place:

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

JUROR RAY:  I was held up by gunpoint about ten years ago when I lived in Washington, D.C. walking home from work.  And I could find myself having difficulty if – is it Ms. Gomez; is that her name.

[DEFENSE COUNSEL]:  Uh-huh.

JUROR RAY:  If she recounted and had any kind of similar – I don't know the situation --

[DEFENSE COUNSEL]:  Right, I understand that.

JUROR RAY:  I think it was at a store.  I don't even – I'm not sure – but mine was outside and, yes, very upsetting.

[DEFENSE COUNSEL]:  So you think that would affect your ability to be impartial?

JUROR RAY:  It could if her – if her recant [sic] is similar in any way, yes.

[DEFENSE COUNSEL]:  And you think that would affect your --

JUROR RAY:  Very up – I'm upset right now thinking about it.

[DEFENSE COUNSEL]:  I can tell.  I'm sorry.  And I don't mean – you know, that is certainly not the purpose here.

JUROR RAY:  And the person that did this to me was never found so --

[DEFENSE COUNSEL]:  That also might --

JUROR RAY:  -- and so I think – I think it's very important to bring such cases – any case to trial.  And I would be very, you know, pleased to be on a jury for a criminal trial but I think this crime would be – I could be somewhat biased.

Defense counsel approached the bench and stated, "I didn't really go into great detail because I can tell she's upset but I

-

do think it's going to affect – I mean, I would make a motion to strike her."

The prosecutor and trial court questioned Ray in an attempt to rehabilitate her. When Ray indicated that she "may have an inclination to believe the" victim if the facts of the crime appear similar, the following colloquy took place:

> THE COURT: Well, there's no question -- I don't think there is going to be a lot of question that she -- that a robbery occurred.
>
> JUROR RAY: Oh, it's whether or not this --
>
> [THE PROSECUTOR]: I think it's a whodunit.
>
> JUROR RAY: -- is the person?
>
> [THE PROSECUTOR]: Yes.
>
> JUROR RAY: Well, then I guess – then I guess I would leave it up, of course, to the Court and the evidence that is presented to make sure that this is the right person.

The trial court's final question to Ray was whether she felt her experience would affect her "judgment in this case so that [she] couldn't be fair either to the prosecutor or to the Defendant."

Ray responded, "I would think, yes, I could. I would think, yes, I could. I am just very – I just wanted to be . . . you know, very honest with you."

The trial court denied the motion.

-

## Preservation of the Issue on Appeal

After the trial court refused to strike Ray for cause, the parties exercised peremptory strikes on the panel of twenty potential jurors. Ray was one of eight members of the venire panel that was peremptorily struck and excused. The remaining twelve jurors were then sworn, after which the trial court asked counsel if the panel was acceptable. Although appellant's attorney indicated "for the record" that "this panel is acceptable," she advised the trial court that she was "preserving our exception that we noted earlier."

Relying on Spencer v. Commonwealth, 238 Va. 295, 384 S.E.2d 785 (1989), and Buchanan v. Commonwealth, 238 Va. 389, 384 S.E.2d 757 (1989), the Commonwealth contends appellant failed to preserve the issue for appellate review. We disagree.

An alleged error is sufficiently preserved for consideration on appeal if "at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384. "The primary purpose of requiring timely and specific objections is to afford the trial judge a fair opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Rodriguez v. Commonwealth, 18 Va. App. 277, 284, 443 S.E.2d 419, 424 (1994) (en banc) (citation omitted).

-

In Spencer, the defendant only objected to questions or limitations on questions asked of individual jurors during voir dire. 238 Va. at 306, 384 S.E.2d at 792-93. Spencer's attorney, however, failed to object to the jurors being sworn and seated. Id. at 306, 384 S.E.2d at 793.

In Buchanan, the Supreme Court refused to address the merits of Buchanan's challenge to "the trial court's seating of prospective jurors Garrett and Barton" because Buchanan "expressly accepted both jurors." 238 Va. at 404, 384 S.E.2d at 766 (applying Rule 5:25).

Here, appellant's attorney challenged Ray for cause during voir dire. Moreover, the fact that appellant accepted the panel that did not include juror Ray did not negate the earlier challenge or waive the objection. Furthermore, appellant renewed the objection when accepting the panel without Ray.

Because appellant timely moved to strike Ray for cause and afforded the trial court a fair opportunity to rule intelligently on the issue, and because appellant renewed that motion even though Ray had been peremptorily stricken from the panel, appellant did not waive his objection to seating Ray so as to bar appellate review.

## Analysis

Code §§ 8.01-357 and 8.01-358 entitle an accused to a panel of jurors free from exception before any party exercises peremptory challenges. See Brown v. Commonwealth, 33 Va. App.

-

296, 305-06 & n.2, 533 S.E.2d 4, 8 & n.2 (2000) (explaining that error in failing to strike juror for cause is not harmless) (citing Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980)).

"[W]e review a trial court's decision whether to strike a prospective juror for cause for an abuse of discretion and that ruling will not be disturbed on appeal unless it appears from the record that the trial court's action constitutes manifest error." Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000). "In determining whether a prospective juror should have been excluded for cause, we review the entire voir dire, rather than a single question and answer." Barnabei v. Commonwealth, 252 Va. 161, 173, 477 S.E.2d 270, 277 (1996) (citation omitted). "Every prospective juror must stand indifferent to the cause, 'and any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused.'" Clements v. Commonwealth, 21 Va. App. 386, 392, 464 S.E.2d 534, 537 (1995) (quoting Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976)). "When a juror has expressed a disqualifying view during voir dire, the clarification or absence of disqualification must emanate from the juror in order to establish that the juror is impartial and is free of bias." Sizemore v. Commonwealth, 11 Va. App. 208, 212, 397 S.E.2d 408, 410 (1990).

-

Applying these principles to our review of the record, we find that the questions posed to juror Ray by the trial court and the prosecutor and her responses during the voir dire examination failed to demonstrate that she could sit as an impartial and unbiased juror in the case.

Ray became upset when she recalled being the victim of an armed robbery, the same crime for which appellant was on trial. She maintained throughout the voir dire that if there were any similarities between the instant robbery and her robbery, she would be inclined to believe the victim. Despite the trial court's attempt to assuage Ray's potential anxiety by explaining that her sole role was to determine the robber's identity rather than whether a robbery occurred, we find such a statement improper and ineffective to determine impartiality. The victim's credibility remained a substantial factor in the case because she positively identified appellant as the robber. Even after obtaining some assurance from Ray that she "guess[ed] [she] would leave it up . . . to the Court," Ray equivocated in her final response by stating that she "would think, yes, [she] could" be impartial.

In summary, because Ray's responses to voir dire questioning were ambiguous and equivocal, and because the questions and comments used to rehabilitate her came not from Ray, but from the prosecutor and the trial court, we hold that the trial court erred in denying appellant's motion to dismiss

-

Ray for cause.  Because this violation is not harmless, <u>see</u> <u>Justus</u>, 220 Va. at 975, 266 S.E.2d at 90, we reverse and remand for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>