COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Beales
Argued at Salem, Virginia


DANIEL WEEKS, S/K/A
   DANIEL EUGENE WEEKS
                                          MEMORANDUM OPINION[*] BY
v.      Record No. 2837-07-3               JUDGE RANDOLPH A. BEALES
                                              AUGUST 18, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M. D. Turk, Judge

Jonathan Graham Painter, Jr., for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General[1]; Kathleen B. Martin, Senior Assistant
Attorney General, on brief), for appellee.


A jury convicted Daniel Weeks (appellant) of rape, in violation of Code § 18.2-61.[2]  On

appeal, appellant argues that the trial court erred in denying appellant's motion to strike for cause

two prospective jurors based on their statements during voir dire.  For the following reasons, we

affirm.

I. BACKGROUND

During voir dire, two prospective jurors – A and B – indicated they were friends with

police officers, but stated that these friendships would not influence them if they heard testimony

from a police officer at trial.  Defense counsel asked A and B if they would "take the word of a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Briefs in this appeal were filed shortly before Attorney General McDonnell left office.

[2] The jury acquitted appellant of animate object sexual penetration.

law enforcement officer over that of the defendant."  A replied, "I'm going to have to say yes." B also responded that he "would have to believe a police officer."

The trial court then asked A and B the following question:

> Would you believe [the police officer's] testimony simply because he is a police officer or could you weigh his testimony and give his testimony equal weight as you hear it as the other witnesses and then, after everything is presented, decide which witness you find more believable or not believable; or simply because he is a police officer, would you automatically give greater weight to his testimony?

Prospective juror A responded that he would not "put more weight in him just because he is an officer," although he indicated that if he knew the officer or knew of the officer's reputation, that information could inform his credibility determination.  The trial court asked A, "[Y]ou wouldn't give an officer's testimony more weight simply because of the fact that he is a police officer?"  A responded, "No."

Prospective juror B responded to the trial court's general question above by stating, "I would probably give a little more weight to his testimony but I would also be objective in his answers and whatever the lawyers asked him."  The trial court asked B, "Would it be simply because he is a police officer?"  B answered, "Not totally."

Appellant moved to strike A and B for cause.  The trial court denied appellant's motion. The court found that A had said he would not give a police officer's testimony more weight simply by virtue of his being a police officer and that B had said he would be objective and weigh the testimony accordingly.  The trial court noted that neither prospective juror had been asked if he knew the particular police officer involved in this case.

Following the denial of his motion to strike these two veniremen for cause, appellant used two of his peremptory strikes to exclude A and B from the jury.

Investigator Brad Roop testified at trial that, in a statement given to him as the investigator after appellant's arrest, appellant indicated that he had consensual sexual intercourse with the victim. Appellant also testified at the trial that he and the victim had engaged in consensual intercourse. During closing argument, defense counsel, in contending that appellant was more credible than the victim, argued to the jurors that they "should remember" Investigator Roop's testimony. Defense counsel contended to the jury that the investigator had been "completely honest" in recounting appellant's claim that he and the victim had consensual intercourse.

However, the jury rejected appellant's testimony that the intercourse was consensual, and it instead accepted the victim's testimony that appellant had unlawfully used force, convicting him of rape. This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court improperly denied his motion to strike prospective jurors A and B for cause because they did not demonstrate adequate impartiality.

An accused is constitutionally guaranteed the right to a trial by "an impartial jury." U.S. Const. amends. VI, XIV; Va. Const. art. I, § 8; see Code § 8.01-358; Rule 3A:14. In order to protect this fundamental right, "the trial judge must probe the conscience and mental attitude of the prospective jurors to ensure impartiality." Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995). A juror holding "a preconceived view that is inconsistent with an ability to give an accused a fair and impartial trial, or who persists in a misapprehension of law that will render him incapable of abiding the court's instructions and applying the law, must be excluded for cause." Sizemore v. Commonwealth, 11 Va. App. 208, 211, 397 S.E.2d 408, 410 (1990). Whether a juror is impartial is a question of historical fact, see Wainwright v. Witt, 469 U.S. 412, 428 (1985), and a trial court's decision to seat a juror is entitled to great deference on

appeal, see McGill v. Commonwealth, 10 Va. App. 237, 241, 391 S.E.2d 597, 600 (1990). Accordingly, we will not disturb the trial court's decision to retain or exclude individual veniremen absent a showing of manifest error. See Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990).

Here, appellant argues that the trial court should have excluded prospective jurors A and B for cause because they indicated, at least initially, that they would be inclined to accept the testimony of a law enforcement officer over the testimony of other witnesses, including a defendant. However, O'Dell v. Commonwealth, 234 Va. 672, 364 S.E.2d 491 (1988), controls here. In O'Dell, the defendant objected when a venireman, Foust, "said he would give a police officer's testimony more weight than that of the average citizen." Id. at 694, 364 S.E.2d at 503. Our Supreme Court affirmed the trial court's decision not to exclude Foust, holding:

> Bias cannot be presumed solely because a prospective juror believes a police officer's training and experience in observing and recounting events might make the officer's account more accurate than that of an ordinary witness, provided the prospective juror does not ignore differing circumstances of observation, experience, and bias which may be disclosed by the evidence. Foust's freedom from bias was abundantly clear in this record. For that reason, we reject O'Dell's contention that Foust had a bias in favor of police testimony.

Id.

Reviewing "the entire voir dire, rather than a single question and answer," Barnabei v. Commonwealth, 252 Va. 161, 173, 477 S.E.2d 270, 277 (1996), we find that prospective jurors A and B were not impermissibly biased in favor of police testimony in light of O'Dell. In response to the trial court's questions,[3] A indicated he would not give a police officer's

---

[3] Appellant did not object at trial on the basis that the trial court's questions constituted an improper rehabilitation of A and B as potential jurors, and appellant is barred from making such a claim on appeal. See Schmitt v. Commonwealth, 262 Va. 127, 142, 547 S.E.2d 186, 197 (2001). Rather, appellant regards the trial court's questioning of A and B as relevant "to the totality of the fitness of these two jurors," and contends that "[n]o amount of questioning could

testimony more weight simply because the witness was a police officer. Similarly, B said he would be "objective" in evaluating a police officer's testimony, and, if he gave "a little more weight" to the officer's testimony, the reason would "[n]ot totally" be because the witness was an officer. Bias could not be presumed from Foust's statements during voir dire in O'Dell that he was inclined to give a police officer's testimony more weight, and Foust did not qualify those statements in any way, unlike how prospective jurors A and B did here. It logically follows, therefore, that bias could not be presumed from the entirety of A's and B's statements during voir dire.

Furthermore, appellant made no claim during jury selection that any credibility determinations involving a police officer's testimony would be put to the jury, and, in fact, the credibility of the only officer who testified, Investigator Roop, was never even an issue at trial. Appellant's theory of defense was that the sexual intercourse with the victim was consensual. Because the investigator, in fact, testified that appellant gave a statement that the intercourse was consensual, appellant portrayed the investigator's testimony as indeed supportive of his defense – not contradicting it. Therefore, appellant contended during closing argument that "Investigator Roop was completely honest with you and you should remember what he said."

> In appropriate cases, counsel are entitled to inquire as to whether a prospective juror would assign undue weight to the testimony of a law enforcement officer based on official status alone. Indeed, in those cases whose outcomes turn in large part upon a credibility determination between prosecution witnesses with official status and defense witnesses with no official status, such inquiry into potential bias may be required.

Gosling v. Commonwealth, 7 Va. App. 642, 645, 376 S.E.2d 541, 544 (1989) (citations omitted);

see Mullis v. Commonwealth, 3 Va. App. 564, 572, 351 S.E.2d 919, 924 (1987) ("The degree of

---

have overcome the equivocation and contradiction" allegedly expressed by A and B during voir dire.

- 5 -

impact which credibility issues played in the case as a whole was minimal and could have had very little significance on the jury's resolution of the case."). Here, appellant acknowledges that "there was no contradiction" between Investigator Roop's testimony and appellant's testimony.[4] The outcome at trial did not turn on a credibility determination between Investigator Roop and defense witnesses.

Prospective jurors A and B adequately demonstrated to the trial court they could be impartial jurors, and no issue of witness credibility involving Investigator Roop's testimony versus that of appellant was ever put to the jury. On these facts, we hold that the trial court did not commit manifest error when it denied appellant's motion to exclude A and B for cause.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's rape conviction.

Affirmed.

---

[4] Indeed, appellant made no proffer at the time to the trial court (and has made no showing later) of how exactly he was prejudiced by prospective jurors A and B remaining in the jury pool, given that the only police officer's testimony in this case was supportive of appellant's defense.