UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia

LARRY JERMAINE BELL

MEMORANDUM OPINION[*] BY
v.       Record No. 1765-16-2                    JUDGE MARY GRACE O'BRIEN
                                                 AUGUST 8, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge

Jim D. Childress, III (Childress Law Firm, PC, on brief), for
appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


A jury convicted Larry Jermaine Bell ("appellant") of distributing cocaine as a third or

subsequent offense in violation of Code § 18.2-248(C).  Appellant contends that he was denied the

right to have his case heard by a jury selected from a fair and impartial panel.  He assigns error to

the court's failure to strike for cause prospective Juror E.L., a relative of a Commonwealth's

witness.  Because we find that the court erred in failing to strike Juror E.L. for cause, we reverse

appellant's conviction and remand for a new trial.[1]

BACKGROUND

Donna Morris, a paid police informant, purchased cocaine from appellant on April 20, 2015.

Morris was working with officers from a regional gang task force.  Officer Thomas Lewis, the case

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In light of our resolution of the appeal on this ground, we do not reach appellant's
second assignment of error.

agent, testified that he provided Morris with money to buy cocaine, equipped her with concealed recording devices, and ultimately retrieved the cocaine that appellant sold to her.

At trial, Morris testified that she knew appellant through a mutual acquaintance. Morris admitted to using drugs during the months when she conducted controlled purchases of cocaine for the task force. She stated that she contacted appellant prior to April 20 to see if he had any drugs to sell, but she did not pressure him into the transaction. Although appellant did not testify at trial, his counsel asserted in closing argument that Morris coerced him into the sale so that she could "feed her habit" with income from the controlled buys.

## JURY SELECTION

During *voir dire*, the Commonwealth's attorney asked if any of the potential jurors knew the Commonwealth's witnesses. Prospective Juror E.L. responded that he had known Officer Lewis for his entire life, because the officer's father was Juror E.L.'s first cousin.

The court asked Juror E.L.:

> COURT: Okay, would the fact that you know Tom Lewis, impair your ability to give both the Commonwealth and the defense a fair and impartial trial today?

> [JUROR E.L.]: I don't think so, but he is kin.

The Commonwealth's attorney ("CA") asked the following questions:

> [CA]: Do you feel like your relationship with [Officer Lewis's] father would affect your ability to be fair and impartial in the case today?

> [JUROR E.L.]: I think so.

> [CA]: So you don't believe . . . that's something that you can set aside? Your views as far as knowing him, do you feel like you know Tom so well that wouldn't be something—

> [JUROR E.L.]: I don't think it would affect my judgment, no.

[CA]:  So you feel like despite the family relationship, you would be able to listen to the evidence that's presented with an open mind?

[JUROR E.L.]:  Yes, sir.

[CA]:  And not give any undue weight to Tom's testimony just because of him being family?

[JUROR E.L.]:  Well, I would rather not be here.

The Commonwealth's attorney and appellant's attorney ("AA") then followed up:

[AA]:  Let's say that [Officer Lewis's] testimony is in direct conflict with some other person in a case, let's say it's a traffic case and he says the light is green and somebody else says the light is red, are you more likely to believe him over someone else?

[JUROR E.L.]:  Probably.

. . . .

[CA]:  If something like that was the case, would you still be able to look at any other evidence in the case and weigh that against what you know?

[JUROR E.L.]:  Yes.

. . . .

[CA]:  You can be fair and impartial and make a decision based on the evidence and not solely on testimony?

[JUROR E.L.]:  If it's evidence, yes, sir.

. . . .

[CA]:  By knowing a law enforcement officer, I would ask you . . . do you feel like that is something that you can set aside that you could weigh his testimony fairly with the others or do you feel like you're going to give his testimony greater weight?

. . . .

- 3 -

[JUROR E.L.]: I mean, if it's just word against word, I'm probably going with Tom, law enforcement. If you've got evidence, then the evidence speaks for itself.

[CA]: Okay. But if it was just word against word, would you feel comfortable finding somebody guilty beyond a reasonable doubt just based on that, if that was the only evidence is from the law enforcement officer?

[JUROR E.L.]: I don't know if I could find him guilty.

Following argument, the court declined to strike Juror E.L. for cause. Juror E.L. was excused pursuant to a peremptory strike and did not hear the case.

ANALYSIS

On appeal, we "defer[] to the circuit court's determination whether to exclude a prospective juror because that court was able to see and hear each member of the venire respond to questions posed." Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001). "[A] trial court's denial of a motion to strike a juror for cause 'will not be disturbed on appeal unless there has been a manifest error amounting to an abuse of discretion.'" Townsend v. Commonwealth, 270 Va. 325, 329-30, 619 S.E.2d 71, 73 (2005) (quoting Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001)).

Appellant asserts that the court abused its discretion by failing to strike prospective Juror E.L. from the panel because his answers to the questions posed during *voir dire* did not demonstrate that he could be fair and impartial. A defendant's right to an impartial jury is protected by the United States and Virginia Constitutions, and is reinforced by statute. U.S. Const. amend. VI; Va. Const. art. I, § 8; Code §§ 8.01-357-58; see Rule 3A:14. A juror must be "indifferent to the cause," Spangler v. Ashwell, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914), and have the ability to "lay aside . . . preconceived views and render a verdict based solely on the law and evidence," Cressell v. Commonwealth, 32 Va. App. 744, 761, 531 S.E.2d 1, 9 (2000). "If [a juror] has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias

- 4 -

or prejudice, he is excluded by the law." Lovos-Rivas v. Commonwealth, 58 Va. App. 55, 60-61, 707 S.E.2d 27, 30 (2011) (quoting Spangler, 116 Va. at 996-97, 83 S.E. at 931).

"[T]he Constitution does not require specific procedures or tests for determining the impartiality of a jury." Morva v. Commonwealth, 278 Va. 329, 341, 683 S.E.2d 553, 560 (2009). However, "[b]y ancient rule, any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused." Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

Here, the potential juror was related to a witness for the Commonwealth, Officer Lewis. The Supreme Court has held that "a juror's relationship to . . . a police-officer witness does not require *per se* dismissal of that juror from the venire . . . if the trial court is satisfied that the juror can set aside considerations of the relationship and evaluate all the evidence fairly." Lilly v. Commonwealth, 255 Va. 558, 570, 499 S.E.2d 522, 531 (1998). However, "[e]vidence of the requisite qualifications for impartial service must emanate from the juror, unsuggested by leading questions." Gosling v. Commonwealth, 7 Va. App. 642, 646-47, 376 S.E.2d 541, 545 (1989).

Juror E.L. initially indicated that his familial relationship with the Commonwealth's witness would affect his ability to be fair and impartial. After the Commonwealth attempted to rehabilitate him, Juror E.L. agreed that he would listen to the evidence "with an open mind," but was non-responsive to the question about giving undue weight to the family member's testimony by stating that he "would rather not be" in court. We have held that "[a] juror's subsequent statement that he can give the defendant a fair and impartial trial . . . is not dispositive when preceded by positive, unequivocal testimony of bias." Id. at 646, 346 S.E.2d at 544. "Mere assent to a trial judge's questions or statements . . . is not enough to rehabilitate a prospective juror who has initially demonstrated a prejudice or partial predisposition." Griffin v. Commonwealth, 19 Va. App. 619, 625, 454 S.E.2d 363, 366 (1995).

Juror E.L. indicated at the beginning of *voir dire* that he would be affected by his familial relationship with the witness, and he later reiterated that "if it's just word against word, I'm probably going with Tom [Lewis], law enforcement."  Although Juror E.L. responded affirmatively when asked if he could "be fair and impartial and make a decision based on the evidence and not solely on testimony," we must consider his response in the context of the entire *voir dire* examination, not simply the answers that followed the rehabilitation.  See Spencer v. Commonwealth, 238 Va. 295, 308, 384 S.E.2d 785, 794 (1989).  The Commonwealth attorney's attempt to rehabilitate Juror E.L. was insufficient to establish that his personal relationship with the officer would not affect his ability to be impartial and give appellant a fair trial.  Therefore, viewing the *voir dire* in its entirety, we find that the court erred in refusing to strike Juror E.L. for cause.

The Commonwealth contends that any error in failing to strike Juror E.L. was harmless because Officer Lewis's credibility was not at issue.  However, "[a] defendant has a right to an impartial jury drawn from a 'panel [of twenty] free from exceptions.'"  Breeden, 217 Va. at 300, 227 S.E.2d at 736-37 (quoting Code § 8-208.19 (current version at Code § 8.01-357)).  "It is prejudicial error for the trial court to force a defendant to use the peremptory strikes afforded him by Code § [19.2-262] to exclude a venireman who is not free from exception."  Id.; see Winston v. Commonwealth, 32 Va. App. 864, 869-71, 531 S.E.2d 59, 61-62 (2000); Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980); see also Gosling, 7 Va. App. at 647, 376 S.E.2d at 545 ("Putting the defense in a position where it is forced to exercise its peremptory challenges to exclude a biased juror is not harmless error.").  Accordingly, we reverse and remand for a new trial.

Reversed and remanded.